**Yun Jing CHEN, Petitioner,**

**v.**

**Alberto R. GONZALES,[1] Attorney General, United States Department of Justice, Respondent.**

**No. 04–2690–AG.**

United States Court of Appeals, Second Circuit.

Jan. 19, 2006.

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

David X. Feng, New York, New York, for Petitioner.

Jan Paul Miller, United States Attorney for the Central District of Illinois, Gregory M. Gilmore, Assistant United States, Springfield, Illinois, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. DENNIS JACOBS, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Yun Jiang Chen, through counsel, petitions for review of the BIA decision denying him asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA issues a short opinion agreeing with all of the IJ's reasoning, we review only the IJ's decision. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004).

Here, substantial evidence supports the IJ's finding that Chen was not credible. First, the IJ properly found that Chen stated in his asylum application that his fellow Falun Gong practitioners were arrested in August 2000, but he testified that they were arrested in September 2000. Second, the IJ reasonably held that there was a discrepancy between Chen's testimony and asylum application where he testified that he practiced Falun Gong with others on the football field; that the football field was surrounded; that he grappled with one of the officers, and managed to escape; that he later saw police officials outside of his home, and that he left China, but omitted such information from his application. Third, the IJ reasonably found it "utterly incredible" that Chen could have been a regular practitioner of Falun Gong since October 1999, and learned for the first time in September 2000 that the group was being repressed by the Chinese government. The IJ also implicitly found that Chen's explanation that he "rarely read the papers" was also implausible. Fourth, the IJ correctly pointed out that Chen stated in his credible fear interview that he met with other Falun Gong practitioners in the homes of what he described as Falun Gong members, which contradicted his account of practicing on a football field. Finally, the IJ reasonably found that Chen failed to produce available evidence to corroborate his claim that he practices Falun Gong. The IJ reasonably determined that the evidence was available because Chen testified that he regularly practiced Falun Gong with others in a park in New York City.

In the aggregate, Chen's implausible, inconsistent and uncorroborated testimony constitute substantial evidence that supports the IJ's adverse credibility determi-

nation. It was therefore proper for the IJ to deny Chen asylum. We do not review Chen's withholding and CAT claims, because by not bringing the issue before the BIA, Chen has failed to exhaust "all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1); *see Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004). Accordingly, Chen's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).